# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
**No. 23-1913V**

ANAM MULUMBA,

Petitioner,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES,

Respondent.

Chief Special Master Corcoran

Filed: July 2, 2026

*John Robert Howie, Howie Law, PC, Dallas, TX, for Petitioner.*

*Ryan Pohlman Miller, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON JOINT STIPULATION[1]

On October 30, 2023, Anam Mulumba filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act").[3] Petitioner alleged that he suffered a left shoulder injury related to vaccine administration ("SIRVA"), as defined in the Vaccine Table, after receiving an influenza ("flu") vaccine on November 13, 2020.[4] Amended Petition at 1, ¶¶ 1, 25; Stipulation, filed July 1, 2026, at ¶¶ 1-2, 4. Petitioner further alleged that he received the vaccine within

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

[3] On June 18, 2025, Petitioner filed an amended petition with additional detail and medical records citations. ECF No. 18.

[4] Although the vaccine record states the flu vaccine was administered on November 12, 2020, Petitioner maintains he received it at work in the early morning of November 13, 2020. Amended Petition at ¶ 3.

the United States, that he suffered the residual effects of the SIRVA for more than six months post-vaccination, and that neither he nor any other party has filed a civil action or received compensation for his SIRVA, alleged as vaccine caused. Amended Petition at ¶¶ 1, 23-24; Stipulation at ¶¶ 3-5. “Respondent denies that [P]etitioner sustained a SIRVA Table injury; denies that the vaccine caused [P]etitioner’s alleged shoulder injury, or any other injury; and denies that his current condition is a sequela of a vaccine-related injury.” Stipulation at ¶ 6.

Nevertheless, on July 1, 2026, the parties filed the attached joint stipulation, stating that a decision should be entered awarding compensation. I find the stipulation reasonable and adopt it as my decision awarding damages, on the terms set forth therein.

Pursuant to the terms stated in the attached Stipulation, **I award** the following compensation:

> **A lump sum of $40,000.00, to be paid through an ACH deposit to Petitioner’s counsel’s IOLTA account for prompt disbursement to Petitioner**. Stipulation at ¶ 8. This amount represents compensation for all items of damages that would be available under Section 15(a). *Id*.

I approve the requested amount for Petitioner’s compensation. In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court is directed to enter judgment in accordance with this decision.[5]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties’ joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

| | |
|---|---|
| ANAM MULUMBA,<br><br>Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | No. 23-1913V (SPU)<br>Chief Special Master Corcoran<br>ECF |

**STIPULATION**

The parties hereby stipulate to the following matters:

1. Anam Mulumba ("petitioner") filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt of an influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a)

2. Petitioner received a flu vaccine on or about November 12, 2020.[1]

3. The vaccine was administered within the United States.

---

[1] Soon after vaccination, on December 28, 2020, petitioner also received a COVID-19 vaccine in the same arm. Later, on January 18, 2021, petitioner received a second COVID-19 vaccine, with the arm of administration not documented. Vaccines against COVID-19 are not contained in the Vaccine Injury Table. *See* 42 U.S.C. § 300aa-14 and 42 C.F.R. § 100.3(a). Pursuant to the declaration issued by the Secretary of Health and Human Services under the Public Readiness and Emergency Preparedness Act (42 U.S.C. §§ 247d-6d, 247d-6e), claims for alleged injuries from COVID-19 countermeasures, including vaccines, may be compensable under the Countermeasures Injury Compensation Program ("CICP"). *See* 85 Fed. Reg. 15198, 15202 (March 17, 2020).

4. Petitioner alleges that he sustained a shoulder injury related to vaccine administration ("SIRVA") within the time period set forth in the Table. He further alleges that he experienced the residual effects of this condition for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on petitioner's behalf as a result of the alleged injury.

6. Respondent denies that petitioner sustained a SIRVA Table injury; denies that the vaccine caused petitioner's alleged shoulder injury, or any other injury; and denies that his current condition is a sequela of a vaccine-related injury.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment for all damages that would be available under 42 U.S.C. § 300aa-15(a):

A lump sum of **$40,000.00**, to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner, Anam Mulumba.

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and petitioner's attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

11. Payment made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. The parties and their attorneys further agree and stipulate that, except for any award for attorney's fees and litigation costs, and past unreimbursed expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of petitioner as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13. In return for the payments described in paragraphs 8 and 9, petitioner, in petitioner's individual capacity, and on behalf of petitioner's heirs, executors, administrators, successors or assigns, (a) does forever irrevocably and unconditionally release, acquit, and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses, and all demands of whatever kind or nature) that have been brought, could have been brought, or hereafter could be timely brought in the Court of Federal Claims, under the Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., (i) on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of

petitioner resulting from, or that may be alleged to have resulted from, the flu vaccination administered on or about November 12, 2020, and (ii) that petitioner has had, now has, or hereafter may have with respect to the injury that gave rise to the petition for vaccine compensation filed on or about October 30, 2023, in the United States Court of Federal Claims as petition No. 23-1913V; and (b) waives any and all rights to any compensation that may be available under the Countermeasures Injury Compensation Program (CICP), 42 U.S.C. § 247d-6e (or an action under 42 U.S.C. § 247d-6d(d)), for a claim alleging that a covered countermeasure, including the COVID-19 vaccinations administered on December 28, 2020, and January 18, 2021, on their own or in combination with the flu vaccination administered on or about November 12, 2020, caused or seriously aggravated the injuries that were the subject of the petition for vaccine compensation filed on or about October 30, 2023, in the United States Court of Federal Claims as petition 23-1913V, including SIRVA, for which petitioner will receive compensation pursuant to this Stipulation. If petitioner has such a claim currently pending with the CICP, petitioner hereby withdraws such claim for compensation in the CICP.[2] If no claim for compensation has been filed in the CICP as of the date this Stipulation is filed, petitioner waives the right to file a claim as described in this paragraph for compensation in the CICP.

14. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

15. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a

[2] After entry of judgment reflecting a decision consistent with the terms of this Stipulation, petitioner agrees that respondent will send this Stipulation to the CICP as evidence of petitioner's withdrawal of their CICP claim and waiver of any potential compensation under the CICP.

decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

16. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

17. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine caused petitioner's alleged injury or any other injury or petitioner's current disabilities.

18. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

**END OF STIPULATION**

/
/
/

Respectfully submitted,

**PETITIONER:**

ANAM MULUMBA

**ATTORNEY OF RECORD FOR PETITIONER:**

JOHN R. HOWIE, JR.
Howie Law, P.C.
2608 Hibernia St.
Dallas, TX 75204
(214) 622-6340
JHowie@HowieLaw.net

**AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

Jeffrey S. Beach -S
Digitally signed by Jeffrey S. Beach -S
Date: 2026.06.25 10:54:18 -04'00'
for

CAPT GEORGE REED GRIMES, MD, MPH
Director, Division of Injury Compensation Programs
Health Systems Bureau
Health Resources and Services Administration
U.S. Department of Health and Human Services
5600 Fishers Lane, 14W-18
Rockville, MD 20857

**ATTORNEY OF RECORD FOR RESPONDENT:**

RYAN P. MILLER
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 598-5650
ryan.miller2@usdoj.gov

Dated: 7/1/26